IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ALBERTO GARCIA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  1:24-CV-00146-C |
| | § | |
| WARDEN, FCI BIG SPRING,[1] | § | |
| | § | |
| Respondent. | § | |

## ORDER

Petitioner Alberto Garcia, a federal prisoner proceeding pro se, filed a Petition for Writ of

Habeas Corpus under 28 U.S.C. § 2241, challenging his federal conviction and sentence.

Petitioner was incarcerated in FCI Big Spring, within the jurisdiction of this Court, when he filed

the original Petition.  Respondent has not filed an Answer; however, as explained below, the

Court finds that the petition should be **DISMISSED** for lack of subject matter jurisdiction.

### I.        Sections 2241 and 2255

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside,

or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-

conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451–52 (5th Cir. 2000).  Section 2255

"provides the primary means of collateral attack on a federal sentence" and must be filed in the

sentencing court. *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Section 2241 is properly used to challenge "the manner in which a sentence is carried out or the

prison authorities' determination of its duration, and must be filed in the same district where the

---

[1] Petitioner named Colette Peters, identified as the Director of BOP, and Geraldo Rosales, identified as the Warden of FCI Bastrop, as respondents in this case.  But Petitioner was incarcerated at FCI Big Spring when he filed this petition.  The Clerk is directed to change the caption of this case to reflect that the proper respondent is the Warden of FCI Big Spring—the person who holds Petitioner in custody.  All other respondents will be terminated from this action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody).

prisoner is incarcerated." *Id.* (citing *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir.

1996)); *Blau v. United States,* 566 F.2d 526, 527 (5th Cir. 1978). Ordinarily, if a § 2241 petition

challenges the validity of a federal sentence, the court must either dismiss the petition or

redesignate it as a § 2255 motion. *See Ojo v. I.N.S.,* 106 F.3d 680, 683 (5th Cir. 1997).

Section 2255 contains a "savings clause," which acts as a limited exception to this

general rule. The savings clause provides that a challenge to a federal sentence or conviction

may be entertained under Section 2241 only if the petitioner establishes that the remedy provided

under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C.

§ 2255(e); *Pack,* 218 F.3d at 452. The petitioner bears the burden of proving that the section

2255 remedy is inadequate or ineffective. *Reyes-Requena,* 243 F.3d 893, 900–01 (5th Cir. 2001)

(citing *Pack,* 218 F.3d at 452). So before a petitioner may pursue relief under the savings clause,

he must show:

> (1)    the § 2241 petition raises a claim that is based on a retroactively
>        applicable Supreme Court decision;
>
> (2)    the claim was previously foreclosed by circuit law[;] and
>
> (3)    the retroactively applicable decision establishes that the petitioner may
>        have been convicted of a nonexistent offense.

*Abram v. McConnell,* 3 F.4th 783, 785 (5th Cir. 2021) (quoting *Santillana v. Upton,* 846 F.3d

779, 782 (5th Cir. 2017) (line breaks added).

Moreover, Section 2255 is not "inadequate or ineffective" just because the second-or-

successive restrictions preclude the petitioner from seeking relief. *Jones v. Hendrix,* 599 U.S.

465, 477 (2023) (holding that "the saving clause does not authorize such an end-run around

AEDPA"). Nor may a petitioner reroute his claims through Section 2241 to avoid Section

2255's one-year limitation period or other restrictions. *See id.* at 479. These two statutes are not

interchangeable. *See McGhee v. Hanberry,* 604 F.2d 9, 10 (5th Cir. 1979) (explaining that "[a]

petition for a writ of habeas corpus pursuant to § 2241 is not a substitute for a motion under § 2255").

## II.    Discussion

In the El Paso Division of the Western District of Texas, Petitioner pleaded guilty to conspiracy to possess with intent to distribute more than 500 grams of cocaine (Count One) and possession of a firearm in furtherance of a drug trafficking crime (Count Three). *See United States v. Garcia*, No. 3:19-CR-04177, at Doc. 225 (W.D. Tex. Mar. 27, 2023). On August 13, 2020, he received a 60-month sentence on Count One, to be followed by a consecutive 60-month sentence on Count Three. *Id.* The trial court later reduced his Count One sentence to 37 months. *Id.* Petitioner did not appeal his conviction. On February 1, 2023, he filed a motion to vacate his sentence under Section 2255, but the Western District court denied his motion and dismissed it with prejudice as untimely. *Id.* A few months later, Petitioner filed this habeas petition under Section 2241 in the Western District of Texas, and that court transferred it to this Court.

Here, Petitioner challenges only his Count Three conviction and consecutive 60-month sentence for possession of a firearm in furtherance of a drug trafficking crime. Doc. 1. Petitioner argues that he is "actually innocent" of the offense because he only traded a gun for drugs, he did not use a firearm during and in relation to a drug trafficking crime within the meaning of 18 U.S.C. § 924(c).

Petitioner also raised this claim in his unsuccessful § 2255 motion. *See United States v. Garcia*, No. 3:19-CR-04177, at Doc. 225 (W.D. Tex. Mar. 27, 2023). In addition to denying and dismissing the motion as untimely, the sentencing court noted that Petitioner's argument is foreclosed by Supreme Court precedent. *See Smith v. United States*, 508 U.S. 223, 225 (1993) (holding that "the exchange of a gun for narcotics constitutes 'use' of a firearm 'during and in

relation to . . . [a] drug trafficking crime' within the meaning of 18 U.S.C. § 924(c)(1)")

(alterations original).

Petitioner challenges his conviction and sentence, but he has failed to show that § 2255 is

inadequate or ineffective.  Nor does he rely on any new, retroactive Supreme Court decision

showing that he was convicted of a nonexistent offense.  In short, the fact that Petitioner's claim

might now be unauthorized and successive or time-barred does not render § 2255 inadequate or

ineffective.  *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Jones*, 599 U.S. at 477.

And Plaintiff has wholly failed to satisfy the requirements of the savings clause.  Thus, this Court

lacks jurisdiction to entertain Petitioner's collateral attack of his sentence under Section 2241.

### III.    Conclusion

The Court has reviewed Petitioner's pleadings and finds that Petitioner's claims fail to

meet the requirements of the savings clause of 28 U.S.C. § 2255.  Moreover, his claims are not

otherwise cognizable under § 2241.  The Petition is denied and dismissed for lack of subject-

matter jurisdiction.

**SO ORDERED**.

Dated October 21, 2024.

_____
SAM R. CUMMINGS
Senior United States District Judge